**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESUS ADAM HERRERA,

    Plaintiff,

  v.                                                   No. CIV 10-0088 BB/ACT

AMY L. ORLANDO,
GERALD MONTROSE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's original and amended civil rights complaints (hereinafter together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings

drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims of false arrest and imprisonment arising from Plaintiff's arrest and prosecution. Plaintiff alleges that Defendant Orlando and another unnamed assistant district attorney withheld exculpatory evidence during the state criminal proceeding. He also alleges that he was kept incarcerated after he had been exonerated, and Defendant Montrose, his defense counsel, made no attempt to have him released. Plaintiff contends that Defendants' actions violated a number of his constitutional protections, and he seeks damages.

No relief is available on Plaintiff's claims against Defendant Orlando. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *And see Dopp v. Rask*, 91 F. App'x 79, 80-81 (10th Cir. 2004). A prosecutor's immunity extends to allegations of failure to disclose impeachment or exculpatory evidence. *See Van v. Goldstein*, 129 S. Ct. 855, 863-64 (2009); *Romero v. Boulder County DA's Office*, 87 F. App'x 696, 697 (10th Cir. 2004). Here, Plaintiff's allegations arise exclusively from the state's prosecution of criminal charges against him, and thus Defendant Orlando is immune to Plaintiff's claims. The Court will dismiss Plaintiff's claims against Defendant Orlando.

Nor do Plaintiff's allegations support claims under 42 U.S.C. § 1983 against his defense counsel, Defendant Montrose. A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979);

*Mehdipour v. Matthews*, No. 10-6073, 2010 WL 2748802, at *3 n.3 (10th Cir. July 13, 2010) (noting that a complaint brought under 28 U.S.C. § 1331 does not state a claim for relief absent allegation that defendant acted under color of state law). As here, "[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." *Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *and see Harris v. Champion*, 51 F.3d 901, 910 (10th Cir. 1995). Plaintiff's complaint does not state a claim for relief against Defendant Montrose. The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE